IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Mark Randolph Browning, | ) | Criminal No. 3:07-451-MBS |
|---|---|---|
| Movant, | ) | |
| v. | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| Respondent. | ) | |

This matter is before the court pursuant to a motion by Mark Randolph Browning ("Movant"), proceeding *pro se*, for relief under 28 U.S.C. § 2255. (ECF No. 133.) The United States of America ("Respondent") opposes Movant's motion and moves for summary judgment in its favor pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. (ECF No. 154.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is currently incarcerated at McDowell Federal Correctional Institution in Welch, West Virginia. On April 18, 2007, Movant and his co-defendant, Patricia Jo Schober ("Schober"), were named in an indictment charging them with one count (count 1) of conspiracy to manufacture, possess, and distribute a quantity of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and § 846; three counts (counts 2, 6 and 9) of manufacturing and possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; three counts (counts 3, 7 and 10) of possession of equipment for the manufacture of a controlled substance in violation of 21 U.S.C. §§ 843(a)(6) and (d)(2) and 18 U.S.C. § 2; two counts (counts 4 and 11) of transporting materials and chemicals used to manufacture a controlled substance in violation of 21 U.S.C. § 858 and 18

1

U.S.C. § 2; and three counts (counts 5, 8 and 12) of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and (2). (ECF No. 1.) On January 15, 2008, Respondent filed a superseding indictment to specify the amount of drugs in count 1 as "50 grams or more" while the other 11 counts remained the same. (ECF No. 80.) On March 25, 2008, in accordance with the terms of a written plea agreement, Movant pled guilty to counts 5 and 12 of the superseding indictment. (ECF Nos. 106, 108.) Movant and Respondent agreed in the plea agreement that the appropriate disposition for Movant's case would be a sentence of 360 months incarceration. (ECF No. 106, p. 6.) Thereafter, at Movant's sentencing on August 5, 2008, the Honorable Margaret B. Seymour sentenced Movant to a term of imprisonment of 360 months, consisting of 60 months as to count 5 and 300 months as to count 12, to run consecutively. (ECF No. 125.)

On August 21, 2009, Movant filed the instant motion to vacate. (ECF No. 133.) Movant contends that relief under 28 U.S.C. § 2255 is appropriate because (1) there were disparities between his sentence and Schober's sentence; (2) the consecutive sentence of 60 months for count 5 is no longer mandatory; (3) his attorney was ineffective for coercing him to plead guilty rather than going to trial; (4) his attorney was ineffective for failing to obtain a ruling on Movant's motion for severance and change of venue; and (5) his attorney was ineffective for allowing Movant to plead guilty based upon the medication he had taken prior to his guilty plea. (Id.) Respondent filed opposition to Movant's motion to vacate and a motion for summary judgment on November 23, 2009. (ECF No. 154.)

The court has reviewed the record and finds the motions of Movant and Respondent suitable for disposition without evidentiary hearing or oral argument.

## II. LEGAL STANDARD AND ANALYSIS

A. **Standard for Motion to Vacate, Correct, or Set Aside Sentence**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)).

However, where, as here, Respondent has not contended that Movant's claims are

procedurally defaulted, the court need not determine whether cause and prejudice excuse any default before deciding the merits. See Trest v. Cain, 522 U.S. 87, 89 (1997) ("procedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter."). Movant further alleges ineffective assistance of counsel and such a claim generally cannot be raised on direct appeal and is properly addressed on collateral review. Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that federal habeas movant may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal).

**B.     Analysis**

    1.     Disparity in Sentences between Co-defendants

Movant complains that he was sentenced to 360 months and Schober only received 180 months for the same relevant conduct. (ECF No. 133-2, p. 6.) In its motion for summary judgment, Respondent contends that Movant and Schober pled guilty to different offenses, which pleas required different mandatory minimum terms of incarceration. (ECF No. 154-1, p. 6.) Movant did not address this contention in his response to Respondent's motion for summary judgment.

Generally, disparities in sentences among co-defendants do not give rise to a cognizable claim under § 2255. United States v. Bokum, 73 F.3d 8, 12 (2d Cir. 1995) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants."). In this case, Movant's claim is without merit because he cannot establish that he and Schober were similarly situated when they received different terms of incarceration. The

record is clear that Movant and Schober pled guilty to different offenses in the superseding indictment and had different agreements with Respondent. Movant pled guilty to counts 5 and 12 of the superseding indictment and he agreed that the appropriate disposition of his case was 360 months incarceration. (ECF Nos. 106, 108.) In her case, Schober pled guilty to counts 1 and 12 of the superseding indictment and she did not reach an agreement with Respondent regarding the appropriate disposition of her case. (See ECF No. 98.) In this regard, the court agrees with Respondent that the differences in pleas and plea agreements explain why Movant and Schober did not receive the same terms of incarceration. Accordingly, Movant's motion for § 2255 relief based on the disparity in sentences between him and his co-defendant is without merit.

2. Consecutive 60 Month Sentence on Count 5

Movant complains that the 60 month sentence he received for his conviction on count 5 of the superseding indictment should not have run consecutive to his 300 month sentence for count 12. (ECF No. 133-2, p. 4.) Movant asserts that the 60 month sentence for violating 18 U.S.C. § 924(c) does not run consecutive when "a defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction as the firearm." (Id. at pp. 4-5 (citing United States v. Williams, 558 F.3d 166 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150, 151-53 (2d Cir. 2008)[1]).)

---

[1] In Whitley, the Second Circuit interpreted the introductory "except" clause of § 924(c)(1)(A), which subsection provides, in pertinent part as follows:
> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years. 18 U.S.C. § 924(c)(1)(A).

5

Respondent moves for summary judgment, asserting that the Court of Appeals for the Fourth Circuit has ruled on this issue and has held directly contrary to Whitley. (ECF No. 154-1, p. 7.) Respondent argues that the Fourth Circuit in United States v. Studifin found that the "except" clause does not prohibit the adding of a mandatory minimum sentence found in § 924(c)(1) to another, longer mandatory sentence resultant from other conduct. (Id. at p. 8 (citing United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001)).) As a result, Respondent asserts that the mandatory language found in § 924(c)(1)(D)(ii) requires that Movant's sentences be served consecutively. (Id.)

Upon review, the court agrees with Respondent that the Fourth Circuit has considered and rejected the interpretation of the "except" clause in § 924(c)(1)(A) that the Second Circuit adopted, holding instead that the "except" clause applied only to provisions applying a greater minimum sentence to the § 924(c) violation itself. See United States v. Studifin, 240 F.3d 415, 423 (4th Cir.2001). The court further finds that the Second Circuit's decision in Williams was vacated by the United States Supreme Court in United States v. Williams, ––– U.S. ––––, 131 S. Ct. 632, 178 L. Ed. 2d 471 (2010). Based on the foregoing, the court concludes that Movant's reliance on the Second Circuit's decisions in Williams and Whitley is unavailing against the precedent supporting Respondent's position. Accordingly, Respondent is entitled to summary judgment on Movant's claim that his 60 month sentence should be concurrent to his 300 month sentence.

### 3. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of

ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Petitioner, because he is alleging ineffective assistance of counsel in connection with the entry of a guilty plea, must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

### a. Coercion to Plead Guilty

Movant contends that he is entitled to relief pursuant to 28 U.S.C. § 2255 because he was coerced into pleading guilty by his attorney. (ECF No. 133-2, p. 6.)

In response to Movant's contention, Respondent asserts that the transcript of Movant's plea colloquy with the court establishes that he was not coerced by his attorney into pleading guilty. (ECF No. 154-1, pp. 10-11 (citing 154-6, pp. 37-38).) Respondent further asserts that Movant's claim is without merit because the evidence against Movant at the time of his guilty plea was overwhelming; and Movant's attorney confirmed that the decision to plead guilty was only reached after a careful examination of the evidence by him and Movant together. (Id. at pp. 11-12 (citing ECF No. 154-5, pp. 1-2).) Moreover, the decision to plead guilty was based upon the fact that Movant faced additional state charges, which when combined with the federal charges, could have yielded a potential life sentence. (Id.) As a result, Respondent asserts it is

entitled to summary judgment on Movant's claim for ineffective assistance of counsel.

> b. *Failure to Obtain Ruling on Movant's Motion to Sever and/or File a Motion for Change of Venue*

Movant contends that that he is entitled to relief pursuant to 28 U.S.C. § 2255 because his attorney failed to obtain a ruling by the court on his motion to sever and counsel further failed to file a motion for change of venue. (ECF No. 133-2, p. 7 (citing ECF No. 29).) Movant asserts that his attorney should have severed his case from Schober's case and sought a change in venue as a result of all the bad publicity surrounding his prosecution, which publicity Movant believed would "hamper his ability to have a fair and impartial jury and trial, nor would he be able to ascertain a favorable plea." (Id. at p. 8.)

In its motion for summary judgment, Respondent states that Movant's motion to sever became moot prior to him pleading guilty because Schober pled guilty on February 26, 2008, a month prior to Movant's guilty plea on March 25, 2008. (ECF No. 154-1, p. 13 (citing ECF Nos. 100, 108).) Respondent argues that it would have been unnecessary for Movant's attorney to argue for severance from Schober's case even if Movant had elected to proceed to trial. (Id.) Respondent further argues that Movant has failed to submit any evidence that there was an increased amount of publicity surrounding his prosecution to justify his attorney having to file a motion for change of venue. (Id. at p. 14.) Therefore, Respondent asserts it is entitled to summary judgment on Movant's claim for ineffective assistance of counsel.

> c. *Allowed Movant to Plead Guilty while under Influence of Potent Medication*

Movant contends that that he is entitled to relief pursuant to 28 U.S.C. § 2255 because he was allowed to plead guilty when he was heavily medicated and incapable of making a sound

decision to plead guilty. (ECF No. 133-2, pp. 8-9.) In support of his allegation, Movant submitted unverified medication administration records, which documents allegedly depict the medication he received on specified days. (See ECF No. 167-1, pp. 1-14.)

Respondent asserts that Movant has not offered any evidence that he was medicated or even identify the particular medication he was taking at the time. (ECF No. 154-1, p. 16.) Respondent further asserts that Movant's claim is contradicted by his own sworn testimony at the change of plea hearing. (Id.) Therefore, Respondent asserts it is entitled to summary judgment on Movant's claim for ineffective assistance of counsel.

        d.    *The Court's Review*

Upon review of the underlying record, the court finds that Movant has not presented any evidence to support his claim that counsel's advice fell below an objective standard of reasonableness. When asked during his guilty plea hearing whether he was satisfied with the representation of his attorney, Movant answered specifically, "Yes." (ECF No. 154-6, p. 13.) When asked if he had any complaints of his attorney, Movant responded, "No." (Id.) Based on Movant's admissions, he fails to establish deficient performance under Strickland.

Movant further fails to even allege, much less establish, that a reasonable probability existed that, but for his counsel's alleged ineffectiveness, he would have insisted on going to trial instead of pleading guilty. Movant admitted he was advised of the charges against him, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at pp. 23-26.) Movant agreed with Respondent's evidence against him and admitted his guilt. (Id. at p. 41.) Movant told the court that he was not forced, threatened, or coerced into pleading guilty. (Id. at p. 37.) Movant further denied being under the influence of any

medication, drugs, or alcohol at his guilty plea and denied taking any medication, drugs, or alcohol in the 24 hours prior to his guilty plea.² (Id. at pp. 8-9.) Based on the foregoing, Movant's ineffective assistance of counsel claim also fails for lack of prejudice. See Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Hooper, 845 F.2d at 475.

### III. CONCLUSION

Upon careful consideration of the entire record, the court is of the opinion that Movant Mark Randolph Browning's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED**. (ECF No. 133.) Respondent's motion for summary judgment is hereby **GRANTED**. (ECF No. 154.) All other pending motions are considered moot.³ (ECF Nos. 135, 144.)

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

---

2
  Upon review of the medication records submitted by Movant, the court did not ascertain evidence that Movant was on any medication on March 25, 2008, the day of Movant's guilty plea hearing.

3
  On August 21, 2009, Movant filed a motion to amend his claim, which amendment was never pursued. (ECF No. 135.) In addition, on September 3, 2009, Movant filed a motion to compel the court reporter to provide Movant with documents he had requested. (ECF No. 144.)

**IT IS SO ORDERED**.

                                  /s/Margaret B. Seymour
                                  MARGARET B. SEYMOUR
                                  CHIEF UNITED STATES DISTRICT JUDGE

September 26, 2012
Columbia, South Carolina